UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin R. Mitchell, #44363,<br>a/k/a Justin Randolph Mitchell,<br>       Plaintiff,<br><br>vs.<br><br>Michael Brown, Lt. M. Matusiewicz,<br>Sgt. C. Neal, Sgt. Moses, J. Sauls, Eric McDaniel,<br>Brandy Singletary, Tiffany Smith, McElveen,<br>       Defendants. | C/A No. 4:25-3878-BHH-TER<br><br><br>Report and Recommendation |

This is a civil action filed by a former pretrial detainee, proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

1

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## **DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his claims involve violations of the First, Fourth(illegible may also be Fifth), and Fourteenth Amendments. (ECF No. 1 at 4). Plaintiff alleges as injuries a continuing abscess on his right hamstring with severe pain, itching, and swelling. Plaintiff alleges while he was detained his medical requests were ignored. (ECF No. 1 at 6).

Plaintiff alleges on April 4, 2025, Plaintiff informed Defendant Singletary that he needed emergency medical because he had been bitten by a poisonous spider, causing severe pains, headaches, stomach pain, numbness, and inability to climb to top bunk. (ECF No. 1 at 17). Plaintiff alleges Defendant Singletary said to put it in the kiosk and asked to see the bite. Plaintiff thought it was too near a private area and said no. (ECF No. 1 at 18). Plaintiff alleges she could see how big the bite was through the jumpsuit and then Defendant Singletary stated she would call her sergeant, but she never did. (ECF No. 1 at 18). Plaintiff alleges later he told Defendant Singletary he was feeling lightheaded and Defendant Singletary said "they pulling people," implying medical was doing sick calls. (ECF No. 1 at 18). Plaintiff alleges Defendant Singletary continued to lie through dinner time and then went home, knowing there is no medical staff after first shift ends and no medical staff on the weekend. (ECF No. 1 at 19). By second shift, Plaintiff recounted his plight to Defendant McElveen and McEleven stated Defendant Singletary did not call and did not tell medical anything. (ECF No. 1 at 19). Defendant McElveen returned to Plaintiff's cell with a high dosage of ibuprofen which Plaintiff is allergic to. (ECF No. 1 at 19). Plaintiff alleges he suffered all weekend and his family had to call jail officials. (ECF No. 1 at 20). Plaintiff alleges once Plaintiff was prescribed antibiotics that Defendants McElveen and Smith skipped Plaintiff's

medications or gave Plaintiff's medication to his cellmate. (ECF No. 1 at 22). Plaintiff also alleges Defendant Smith retaliated by interfering with his medications and filing a disciplinary in response to Plaintiff filing grievances. (ECF No. 1 at 22-24). Plaintiff's allegations liberally construed are sufficient to withstand summary dismissal as to Defendants Singletary, Smith, and McElveen, and this same day service and issuance of summons as to these Defendants has been authorized by separate order.

As to Defendants Brown, Matusiewicz, Neal, and Sauls, Plaintiff alleges Defendant Brown is responsible for the welfare of all the inmates, Defendant Matusiewicz is responsible for all the officers of the detention center, Defendant Neal is responsible for all the grievances, and Defendant Sauls was a nurse practitioner. (ECF No. 1 at 15). Plaintiff alleges Defendant Brown "continues to allow all" his subordinates to violate Plaintiff's rights. (ECF No. 1 at 25). Plaintiff alleges Defendant Matusiewicz's subordinates violate Plaintiff's rights. To the extent Plaintiff is attempting to allege supervisory liability of these Defendants, Defendants Brown, Matusiewicz, Neal, and Sauls are subject to summary dismissal because no facts are alleged as to personal involvement in constitutional violations and supervisory liability. In a § 1983 action, Plaintiff must allege that an individually personally acted in alleged violations. Generally, vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a method to create liability of a state-actor supervisor for the acts of his subordinate. *See Monell v. Dep't Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition as long as the facts alleged meet the Fourth Circuit Court of Appeal's three-part test for supervisor liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff;

4

> (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and
> (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)(citations omitted); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir.1984). Plaintiff's allegations do not meet this exception and Defendants Brown, Matusiewicz, Neal, and Sauls are subject to summary dismissal.

To the extent Plaintiff alleges generally that he has "HIPPA rights," there is not private right of action under HIPAA. *Payne v. Taslimi*, 998 F.3d 648, 660 (4th Cir. 2021); (ECF No. 1 at 23).

Plaintiff alleges Defendant Moses recorded the spider bite with an iPhone and not his body camera. (ECF No. 1 at 20). This does not rise to a constitutional magnitude. Plaintiff does not allege any facts of publicized intimate details. *See Desnick v. Am. Broad. Companies, Inc.,* 44 F.3d 1345, 1353 (7th Cir. 1995). "Plaintiff's barebones allegations that the Officer filmed Plaintiff …simply do not state claims that rise to the level of constitutional violations." *Legg v. Putnam Co. Sheriff Off.*, 2020 WL 7048294, at *2 (S.D.W. Va. Dec. 1, 2020). Where a videotape by officers was not done with an improper purpose or mal intent without allegations of distribution, there was no violation of constitutional rights of a recording of a strip search, a much more revealing incident than Plaintiff's spider bite. *See McClary v. Elliott*, No. 2:21-CV-02626-MBS-MGB, 2022 WL 4825238, at *3 (D.S.C. May 17, 2022), *report and recommendation adopted*, 2022 WL 4808802 (D.S.C. Oct. 3, 2022). Defendant Moses is subject to summary dismissal.

Plaintiff alleges Defendant McDaniel diagnosed Plaintiff with an abscess with staph infection. (ECF No. 1 at 21). Plaintiff asserts McDaniel did not send Plaintiff to the hospital to

5

have the abscess lanced. (ECF No. 1 at 21). Plaintiff alleges he suffered until a higher antibiotic dosage was ordered by Defendant McDaniel. (ECF No. 1 at 21). This allegation does not rise to the magnitude of a constitutional violation. Mistake or difference of medical opinion in the provision of medical care does not rise to an Eighth Amendment deprivation. *See Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977); *Lee v. Downs*, 470 F. Supp. 188, 192 (E.D. Va.1979); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is" detained). Defendant McDaniel is subject to summary dismissal.

## RECOMMENDATION

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case. Specifically, it is recommended that Defendants Brown, Matusiewicz, Neal, Moses, Sauls, and McDaniel, be summarily dismissed with prejudice and without issuance and service of process. In a separately docketed order, the court has authorized the issuance and service of process on the remaining Defendants Singletary, Smith, and McElveen.

July 3, 2025  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7